UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JIMMIE A. ROBINSON, JR., | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:15-cv-01532-WTL-DKL |
| STATE OF INDIANA, et al. | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I.
Screening Legal Standard**

Plaintiff Jimmie Robinson has paid the initial partial filing fee for this action, and this case is therefore ready to proceed. Mr. Robinson is a prisoner currently confined in Pendleton Correctional Facility. Because Mr. Robinson is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Robinson are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.
## Background

Mr. Robinson's claims stem from his time in custody at Westville Correctional Facility ("Westville"). He brings claims against the following defendants: (1) the State of Indiana; (2) the Indiana Department of Corrections ("IDOC"); (3) Corizon Medical Services; (4) Major Payne; (5) Captain Reeves; (6) Evan Lowry; (7) Sergeant Livers; (8) Officer D. Brown; (9) Officer Havard; (10) Lieutenant Lessic; (11) Deangela Boyan; (12) Barbra Brubaker; (13) Nurse J. Bigheart; (14) Nurse R. Moore; (15) Nurse L. Evans; (16) John Doe; and (17) Jane Doe. He seeks compensatory and punitive damages.

Mr. Robinson alleges the following facts that are relevant to his claims: on December 14, 2013, Mr. Robinson was being escorted in handcuffs and leg shackles by defendant Officers D. Brown and Havard to receive his evening insulin shot. Mr. Robinson alleges that they were not escorting him properly, which caused him to fall down a flight of stairs. Specifically, Mr. Robinson contends that Officer D. Brown was holding what Mr. Robinson describes as the "dog leash" during the escort, but instead of securing him with it when he began to fall, Officer D. Brown let go of the dog leash and watched him fall down the flight of stairs. Mr. Robinson landed on Officer Havard.

After Mr. Robinson fell, neither Officers D. Brown and Havard, nor Sergeant Livers, who was observing the escort via video from the control center, called for emergency assistance. Nurse J. Bigheart also became aware of the fall, and despite Mr. Robinson's complaints of pain in several

places, did not call for emergency assistance and instead made him walk to receive medical attention.

Mr. Robinson's injuries were evaluated by onsite medical staff. He eventually was admitted to the infirmary for five days, during which he received x-rays on his leg, an EKG, and pain medications. He alleges that at some point he complained of head pain, but Nurse Barbara Brubaker failed to run any tests on Mr. Robinson's head, and instead only x-rayed his leg.

Prior to the incident on December 14, Mr. Robinson had repeatedly requested to be housed on a range in which he did not have to use the stairs since he was diabetic and had difficulty using the stairs while in shackles to receive his twice daily insulin shots. On occasion, Sergeant Livers and other staff had to carry Mr. Robinson up the steps to keep him from falling, yet he was still denied his requested move.

During the months following the incident, Mr. Robinson submitted several healthcare request forms in which he complained of headaches, dizziness, and neck and shoulder pain. He received no response to most of these requests. He asked Deangela Boyan in April 2014 why he was not receiving responses to his healthcare requests, but she too did not respond. On April 14, 2014, Mr. Robinson told Captain Reeves, who knew that he had been submitting healthcare requests, that he was not being seen by medical staff. Mr. Robinson submitted another healthcare request form on May 4, 2014, but again received no response.

Mr. Robinson questioned Nurse Coleen West regarding how inmate healthcare requests were handled, and she said that Nurse R. Moore receives them and decides which inmates she will see, but Nurse West was unsure what happens to the healthcare request forms after that decision is made.

# III.
# Discussion

Based on the foregoing allegations, Mr. Robinson asserts Eighth Amendment claims against the defendants via 42 U.S.C. § 1983, seeking compensatory and punitive damages. The Court turns first to Mr. Robinson's claims against the State of Indiana and IDOC. Those claims must be **dismissed** because the State of Indiana, of which the IDOC is a part, "is not a 'person' that can be sued [for money damages] under 42 U.S.C. § 1983." *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003).

Mr. Robinson's claim against Corizon Medical Services based on their employees' conduct is **dismissed**. A private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights, but can only be liable if the injury alleged is the result of a policy or practice. *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Mr. Robinson's allegations against Corizon's employees revolve only around how they handled his particular injuries and healthcare requests and do not challenge a policy or practice of Corizon.

Mr. Robinson's Eighth Amendment claims against Major Payne, Evan Lowry, and Lieutenant Lessic are **dismissed**. He does not allege that any of these defendants were personally involved in any of the underlying conduct; he alleges only that they were certain defendants' supervisors. And without personal liability, there can be no recovery under § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.").

Mr. Robinson asserts no allegations against Nurse Evans, and thus his claims against her must be **dismissed**. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the

caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

Finally, Mr. Robinson's claim against defendants John Doe and Jane Doe are **dismissed**. "[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Mr. Robinson's allegations are sufficient to state claims against the remaining defendants. Therefore, the following claims against the following defendants **shall proceed**:

- Eighth Amendment and negligence claims against Sergeant Livers due to his knowledge of Mr. Robinson's inability to safely use stairs, but denial of Mr. Robinson's requests to be housed on the ground floor, which led to his subsequent fall and injuries.

- Eighth Amendment and negligence claims against Officers D. Brown and Havard due to their deliberate indifference toward the risk that he might injure himself by falling down the stairs, as occurred on December 14, 2013.

- Eighth Amendment and negligence claims against Officer D. Brown, Officer Havard, Sergeant Livers, and Nurse J. Bigheart because of their deliberate indifference to Mr. Robinson's injuries from the fall, as shown by their failure to seek emergency medical assistance immediately after the fall occurred.

- Eighth Amendment medical claim and negligence claim against Barbara Brubaker for failing to examine and treat Mr. Robinson's head despite his complaints of head pain.

- Eighth Amendment medical claim and negligence claim against Captain Reeves, Deangela Boyan, and Nurse R. Moore, because of their deliberate indifference toward Mr. Robinson's pain and suffering caused by the fall, as shown by their knowledge that he was not receiving responses to his healthcare request forms, yet they did nothing to ensure he timely received medical attention.

If Mr. Robinson believes that the Court overlooked any claims he attempted to raise, he shall have **through December 30, 2015**, to identify such claims.

# IV.
# Service of Process

The claims identified above against defendants Sergeant Livers, Officer D. Brown, Officer Havard, Nurse J. Bigheart, Deangela Boyan, Barbara Brubaker, Captain Reeves, and Nurse R. Moore **shall proceed**, and thus the clerk shall **issue and serve process** on these defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(2). Process in this case shall consist of the complaint, applicable forms, and this Entry.

The clerk is **directed to terminate** the State of Indiana, the Indiana Department of Corrections, Corizon Medical Services, Major Payne, Evan Lowry, Lieutenant Lessic, Nurse L. Evans, John Doe, and Jane Doe as defendants in this action.

**IT IS SO ORDERED.**

Date: 12/10/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JIMMIE A. ROBINSON, JR.
111442
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Sergeant Livers
Officer D. Brown
Officer Havard
Nurse J. Bigheart
Deangela Boyan
Barbara Brubaker
Captain Reeves
Nurse R. Moore
Westville Correctional Facility
5501 South 1100 West
Westville, IN 46391